Underhill *v.* Waite.

---

EDWARD F. UNDERHILL *et al.*, Respondents, *against* SILAS M. WAITE, Appellant.

(Decided March 1st, 1880.)

The jury may use their general knowledge on the subject, in any question that is before them ; and if any one has any particular knowledge that is material to the matter under investigation, a party is entitled to the ben-

efit of it; but the juror must be sworn as a witness and examined subject to the rules of evidence. The moment a juror is allowed to occupy a position where he can obtain exclusive information which he is expected to communicate, his position of juror is abandoned, and that of witness is assumed.

At the trial of an action for services rendered in making a stenographic report, the accuracy of which was denied, one of the plaintiffs was allowed, against the defendant's objection, in order to test the accuracy of the report, to read aloud from the stenographic minutes taken by him, while a juror read and compared the report in question, and at the close stated the result of the test. *Held*, error, for which a judgment for the plaintiff should be reversed.

APPEAL from a judgment of the marine court of the city of New York, entered upon a decision of the general term of that court, affirming a judgment entered upon a verdict.

The action was brought by stenographers to recover for professional services. One of the defenses was that the manuscript furnished was grossly inaccurate, and some evidence to that effect was given.

After the closing of the evidence, the counsel for the defense commenced the summing up of the case, and he was interrupted by the court, who said that "inasmuch as the counsel in the summing up intimates that this manuscript was manufactured for the purpose of this case, I will allow Mr. Bonynge to take the stand again and read from his notes, at any points the jurors may select, one of the jurors holding the manuscript."

To this action of the court the defendant duly objected, which objection was overruled by the court, and the defendant duly excepted. The transcript of the notes was then handed to the foreman, who told Mr. Bonynge to read from the 84th page, who thereupon read from his short-hand notes. At the end of the reading the foreman stated that everything was the same. The jury having rendered a verdict for plaintiff, from the judgment thereupon entered, the defendant appealed to the general term of the marine court, which affirmed the judgment. From this judgment of affirmance, the defendant appealed to this court.

*Rufus L. Andrews* and *Chas. B. Stoughton,* for appellant.

*Chas. T. Dunwell,* for respondents.

VAN BRUNT, J.—There were several objections raised upon. the argument of the appeal in this action, which it is not necessary for me to notice.

I am entirely unable to see upon what principle the court had a right to make the juror a witness as to the accuracy of the manuscript furnished by the stenographer. Not only does the foreman examine the manuscript, but he gives the result of his examination for the information of his fellow jurymen.

As well might the court allow the foreman to measure a distance which had become material in the case, and announce to his fellow jurymen the result of such measurement. In fact, there is no limit to which such a practice could not be carried, if it can be sustained at all.

The province of the jury is to hear the evidence, and not to give it, and the moment a juror is allowed to occupy a position where he can obtain exclusive information which he is expected to communicate, his position of juror is abandoned, and that of witness is assumed.

I cannot but think that the method of procedure in this case was a violation of the rights of the defendant, and constituted error upon the part of the learned judge who tried this cause. The judgment should be reversed, and a new trial ordered, costs to abide the event.

CHARLES P. DALY, Chief Justice.—I agree with Judge VAN BRUNT, that allowing one of the jury to test the accuracy of the stenographic report, by reading it, while the stenographer read from his minutes, the juror, at the close, stating the result of this test, was error. The jury may use their general knowledge on the subject in any question that is before them; but if any one has any particular knowledge that is material to the matter under investigation, a party is entitled to the benefit of it; but the juror must be sworn as a witness, that he may

be examined and cross-examined, subject to the rules of evidence, the same as any other witness (*Rex* v. *Rosser*, 7 C. & P. 648; 1 Greenleaf's Evidence, § 364, note).

J. F. DALY, J., dissented.

Judgment reversed and new trial ordered, with costs to abide the event.